IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

QUENTRELL WILLIAMS,

    Plaintiff,

v.

DAVID J. MAHONEY, DANE COUNTY, DOUGLAS MOORE, ANDREA PEABODY, BRIAN WILLIAMS, HEATHER-CRISIS WORKER, APRIL-CRISIS WORKER, SARA G.- SOMETIME MENTAL HEALTH SUPERVISOR, JOSE PACHEO, MICA WEBER, JENNIFER-NURSE, BRIAN JENNINGS, JANE DOE #1-MENTAL HEALTH SUPERVISOR, JANE DOE #2 and THOMAS BOLVIN,

    Defendants.

OPINION AND ORDER

Case No. 21-cv-318-wmc

*Pro se* plaintiff Quentrell Williams is proceeding in this lawsuit against numerous Dane County Jail officials and Dane County itself, for allegedly allowing him to commit repeated acts of severe self-harm in June of 2017 and July and August of 2018. Now before the court are defendants' motions for summary judgment based on Williams' failure to exhaust his administrative remedies. (Dkt. ##39, 51.) Because the evidence of record establishes that Williams failed to follow the Dane County Jail's grievance procedures, despite having the ability to do so, the court must grant defendants' motion and dismiss Williams' claims in this lawsuit without prejudice.

OPINION

Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought . . . under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other

correctional facility until such administrative remedies as are available are exhausted." Generally speaking, a prisoner must "properly take each step within the administrative process" to comply with § 1997e(a). *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). This includes following instructions for filing the initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005), *and* filing all necessary appeals "in the place, and at the time, the prison's administrative rules require," *Pozo*, 286 F.3d at 1025. Failure to exhaust administrative remedies under § 1997e(a) is an affirmative defense that must be proven by the defendants. *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018).

The purpose of this exhaustion requirement is to afford prison administrators a fair opportunity to resolve a prisoner's grievance without litigation. *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006). Thus, a prisoner's failure to exhaust constitutes an affirmative defense, which defendant must prove, *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018); and at summary judgment, defendants must specifically show that: (1) there is no genuine dispute of material fact as to plaintiff's failure to exhaust; and (2) they are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

During the relevant time period in this case, the Dane County Jail had policies and procedures in place that governed inmate grievances. Policy 607.07 lays out the proper way for inmates to file grievances. Under subsection II of the policy, once a grievance is received, it is assigned a grievance number and an investigating supervisor for review. (*Id.*) An inmate that submits a grievance should receive a written response containing the supervisor's decision within ten business days. (*Id.*) Under subsection II(c), "[i]f the

inmate does not receive a reply at any level of the grievance review, the inmate can consider the absence of a response a denial." (*Id.*) Subsection III provides that if an inmate is dissatisfied with the supervisor's decision, he or she has five business days from the date of the response to submit an appeal. (*Id.*) The policy further states that the inmate should appeal "using a standard grievance form" and checking the box marked "Appeal" at the top of the form.

Williams submitted numerous grievances both in June of 2017 and in July and August of 2018. The following, four grievances in particular relate to his claims that Dane County Jail staff failed to protect him from self-harm:

- Grievance 24424 alleged that in June of 2017, he had been denied medications and provided a razor even though he had been experiencing suicidal ideations. On June 23, an officer deemed that complaint "Not Substantiated" because Williams caused the injury himself. Williams did not appeal.

- Grievance 26811 alleged that on or about July 25, 2018, he was refused medical attention after cutting his arm while in clinical observation. That complaint was also deemed "Not Substantiated" because nursing staff responded to his self-harm and put dressing on the cut. Williams also did not appeal this determination.

- Grievance 26812 alleged that he committed self-harm on July 20, 2018, after not being properly searched upon placement in observation, and that he harmed himself again on July 25. That complaint was resolved as "Exonerated" because deputies intervened to stop his self-harm, and because he was placed on suicide precautions and examined by medical and mental health staff. Again, Williams did not appeal.

3

- Grievance 26839 alleged that he was released from observation status without restrictions, which was inappropriate given his history of severe self-harm. That grievance, too, was resolved as "Not Substantiated," and Williams did not appeal.

(*See* dkt. #41-1.) On August 17, 2018, Williams also submitted Grievance 26899, stating that he had not received any of the responses to these four grievances, along with other responses. In response, however, jail staff hand-delivered him copies of all the grievance responses, including the four listed above. Nevertheless, Williams still did not attempt to appeal the responses to those grievances, nor to Grievance 26899.

Accordingly, defendants argue that they are entitled to summary judgment because Williams failed to appeal the result of each of his grievances about his self-harm. In opposition, Williams contends that he could not appeal any of those four grievances because: he did not receive a copy of the resolution of any of those grievances; and he was housed in clinical observation during both time frames, thus unable to use the grievance procedures. Both arguments fail.

First, under subsection II(C) of the jail's grievance policy, if Williams did not receive a response to a grievance within ten days of filing, that grievance was expressly deemed denied and he could appeal accordingly. As a result, even if Williams did not receive timely the result of any of his four grievances as he claims, he should have appealed using a grievance form and checking the box marked "Appeal" consistent with jail policy. Williams neither attests that he was unable to take that step, nor that he was unaware of this direction in the jail's policies.

Second, in June 2017 and again in July and August of 2018 -- when Williams claims he was unable to appeal any of his four grievances -- Williams was simultaneously filing grievances about other matters.  Indeed, defendants point out that on June 15, 21, and 23 of 2017, and July 26, August 2, 5, and 25, and September 27 and 29 of 2018, Williams filed initial grievances about other issues within the jail.  (*See* dkt. #41-3.)  Obviously, Williams could have similarly used grievance forms to appeal rejections of his failure-to-protect claims; and again, he has submitted no evidence to the contrary.  Therefore, any suggestion that Williams' placement in clinical observation impacted his ability to follow the jail's exhaustion procedures is contradicted by the record.

Accordingly, defendants have proven that Williams failed to exhaust his claims in this lawsuit, all of which must, therefore, be dismissed without prejudice.  *See Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) ("[A]ll dismissals under § 1997e(a) should be without prejudice").  The court further acknowledges that this dismissal amounts as one with prejudice in practice, since it is almost certainly too late for Williams to exhaust his claims timely at this late date.  *See Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002) ("Dismissal for failure to exhaust is without prejudice and so does not bar reinstatement of the suit unless it is too late to exhaust.") (citations omitted).

ORDER

IT IS ORDERED that:

1) Defendants' motion for summary judgment (dkt. ##39, 51) is GRANTED, and plaintiff Quentrell Williams' claims in this lawsuit are DISMISSED without prejudice.

2) The clerk of court is directed to enter final judgment accordingly.

Dated this 19th day of September, 2023.

                                                        BY THE COURT:

                                                        /s/

                                                        WILLIAM M. CONLEY
                                                        District Judge